IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT W. GAGNON,   CV. 07-68-AS

        Plaintiff,   OPINION AND ORDER

  v.

RYERSON INC., a Delaware corporation,
and JOSEPH T. RYERSON & SON, INC., a
Delaware corporation,

        Defendants.
_____

ASHMANSKAS, Magistrate Judge:

    Defendants Ryerson Inc., and Joseph T. Ryerson & Son, Inc. ("Defendants"), move to dismiss the complaint filed by plaintiff Robert Gagnon ("Plaintiff")under Fed.R.Civ.P. 12(b)(3) for improper venue. Defendants assert that the forum selection clause in the employment agreement requires this action be litigated in Illinois.

Background

    On March 4, 2005, Plaintiff signed an Employment Agreement which governed the

employment relationship between Plaintiff and Defendants' predecessor, Ryerson Tull, Inc (the "Agreement"). The Agreement contained a provision that prohibited Plaintiff from working for any competitor of Defendants for a period of twelve months after he left employment with Defendants (the "Noncompete Clause"). In early January 2007, Plaintiff notified Defendants that he intended to resign his employment with Defendants and immediately commence employment with a competitor. Defendants advised Plaintiff that they intended to file suit to enforce the Noncompete Clause. Plaintiff filed this declaratory judgment action asking the court to declare the Noncompete Clause unenforcable.

The Agreement provides that any action to enforce the Agreement shall be governed by the law of the State of Illinois and that venue shall lie with a state or federal court located in Illinois. These provisions specifically state:

> **Governing Law.** In the event of any dispute arising under this Agreement, it is agreed that the law of the State of Illinois shall govern the interpretation, validity, and effect of this Agreement without regard to the place of performance or execution thereof.
>
> **Enforcement.** The Corporation and the Executive hereby submit to the jurisdiction and venue of any state or federal court located within Cook County, Illinois, for resolution of any and all claims, causes of action or disputes arising out of, related to or concerning this Agreement and agree that service by registered mail to the addresses set forth below shall constitute sufficient process for any such action. The parties further agree that venue for all disputes between them, including those related to this Agreement, shall be with a state or federal court located within Cook County, Illinois. If the Corporation is required to seek enforcement of any of the provisions of this Agreement, the Corporation will be entitled to recover from the Executive its reasonable attorneys' fees plus costs and expenses as to any issues on which it prevails.

### Legal Standard

Federal law governs the enforceability of forum selection clauses in diversity cases. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, the

enforceability of forum selection clauses is controlled by the Supreme Court's decision in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324-25 (9th Cir. 1996) (noting that the standard set forth in Bremen "has been widely applied to forum selection clauses in general" and not limited to the admiralty context).

In Bremen, the Court held that forum selection clauses are *prima facie* valid and should not be set aside unless the party challenging enforcement of such a provision can show it is "'unreasonable' under the circumstances." Bremen, 407 U.S. at 10. A forum selection clause is unreasonable if:

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Argueta, 87 F.3d at 325 (internal quotation marks and citations omitted).

A court deciding a Rule 12(b)(3) motion based on a forum selection clause must draw all reasonable inferences and resolve all factual disputes in favor of the non-moving party. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). If the facts asserted by the non-moving party are sufficient to preclude enforcement of the forum selection clause, the non-moving party is entitled to remain in the forum it chose for suit unless and until the district court has resolved any material factual issues that are in genuine dispute. Id. at 1139. The court may hold an evidentiary hearing or deny with leave to refile if further development of the record eliminates any genuine factual issue. Id. at 1140.

/ / / / /

## Discussion

The first issue raised by the parties is whether the forum selection clause in the Agreement is properly characterized as "permissive" or "mandatory." The Ninth Circuit differentiates between the two types of clauses, enforcing the "mandatory" clause but not the "permissive" clause. <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>, 817 F.2d 75 (9th Cir. 1987). A forum selection clause is enforceable where the place of suit is specified with mandatory language. <u>Docksider, Ltd. v. Sea Technology, Ltd.</u>, 875 F.2d 762, 764 (9th Cir. 1989). A mandatory forum selection clause will contain language such as "exclusive" or "only." In contrast, a clause that provides that jurisdiction exists in a particular forum, but does not state that such jurisdiction is exclusive, is deemed permissive. <u>Id</u>.

In <u>Hunt Wesson</u>, the forum selection clause at issue provided that: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." <u>Hunt Wesson</u>, 817 F.2d. at 76. The Ninth Circuit found this language to be permissive despite the use of the word "shall," because the plain meaning of the language indicated that the designated courts would have jurisdiction over the parties. The language did not provide that such jurisdiction was exclusive or that only the California courts would have jurisdiction over any action brought under the contract. <u>Id</u>. at 77.

On the other hand, in <u>Docksider</u>, the Ninth Circuit found that a forum selection clause providing that" "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" was mandatory and provided exclusive jurisdiction in designated county. <u>Docksider</u>, 875 F.2d at 763. The court specifically reasoned that:

> <u>Hunt Wesson</u> is distinguishable because the forum selection clause underlying this action contains the additional sentence stating that "venue of any action brought

  hereunder shall be deemed to be in * * * Virginia. This language requires enforcement of the clause because <u>Docksider</u> not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over action stemming from the agreement, all actions must be filed and prosecuted in Virginia.

<u>Id</u>. at 764. The court then cited cases in which the Third[1], Fourth[2] and Fifth[3] Circuits addressed similar language and found that "the prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced." <u>Id</u>.

  The language of the Noncompete Clause is substantially similar to that addressed by the Ninth Circuit in <u>Docksider</u>. The first sentence provides that Plaintiff submits to personal jurisdiction in the Illinois courts which, standing alone, would be considered permissive and unenforceable. However, Noncompete Clause also provides that "venue for all disputes between them, including those related to this Agreement, shall be with a state or federal court located within Cook County, Illinois." This language is mandatory and establishes that venue for this action lies exclusively in Cook County, Illinois.

  Plaintiff argues that this language is distinguishable from that in <u>Docksider</u> because the sentence establishing venue applies to both torts and contract actions while the first sentence is limited to actions arising out of or related to the Agreement. The court finds this distinction

---

[1] "* * * and venue for any proceeding relating to the provisions hereof shall be Salt Lake County, State of Utah." <u>Nascone v. Spudnuts, Inc.</u>, 735 F.2d 763, 765 (3rd. Cir. 1984)

[2] "* * * the parties agree that in any dispute jurisdiction and venue shall be in California." <u>Sterling Forest Associates v. Barnett-Range Corp.</u>, 840 F.3d 249, 250, 252 (4th Cir. 1988).

[3] "* * * the venue of such suit or action shall be laid in the County of Essex and State of New Jersey." <u>In re Fireman's Fund Insurance Companies</u>, 588 F.2d 93, 94 (5ith Cir. 1979).

irrelevant to question of whether the language vest venue exclusively in Cook County, Illinois. Plaintiff also argues that the use of the phrase "shall be deemed" in Docksider is more mandatory than the language found in the Noncompete Clause. Again, the court disagrees. The language in the cases from the Third, Fourth and Fifth Circuits, which the Ninth Circuit relied on in Docksider, did not include "be deemed" and those courts still found the clauses to be mandatory.

Now that the court has determined that the Noncompete Clause is mandatory, the court must consider whether the Noncompete Clause is otherwise unenforceable under the guidelines set forth in Bremen, as described above. Plaintiff asserts that the Oregon public policy regarding noncompete agreements renders the forum selection clause unenforceable. In Oregon, a noncompete agreement is considered presumptively void unless it falls within an exception set forth in the statute. O.R.S. 653.295. Additionally, even if a noncompete provision satisfies the requirements of the statute, Oregon courts will not enforce, to any degree, a restriction that is not reasonably tailored to protect the interest of the employer without unnecessarily restraining trade. Olsten Corp. v. Sommers, 534 F.Supp. 395, 397 (D.Or. 1982).

Plaintiff does not present any evidence that Illinois law provides less protection than Oregon law and, therefore, has failed to prove that the Noncompete Clause would be enforced any differently in Illinois. Additionally, Plaintiff assumes that if this case is dismissed and he is forced to litigate this action in Illinois, Illinois law would automatically apply. However, there is no evidence presented with regard to how Illinois courts address choice of law issues or that Plaintiff would be pre-empted from arguing to the Illinois court that Oregon law should govern the action. Defendants asserts that if the Noncompete Clause is found to meet the requirements of O.R.S. 653.295, the law of the two states regarding the enforcement of noncompete clauses is "practically

identical." Defts. Response at 7. Based on the evidence presented to the court by both parties, the court is of the opinion that the Noncompete Clause is likely enforceable under Oregon law. Accordingly, application of Illinois law to the enforcement of the Noncompete Clause would not prejudice Plaintiff or violate Oregon's public policy.

Additionally, Plaintiff argues that dismissal of this case would also violate the public policy behind the recently enacted Oregon statute that provides that "when a choice between the laws of different states is at issue," Oregon law shall govern the interpretation of employment contracts "for services to be rendered primarily in Oregon by a resident of Oregon." O.R.S. 81.102 and 81.105. Again, Plaintiff has failed to provide the court with the choice of law principles applied by the Illinois courts. Plaintiff seems to assume that the Illinois court will automatically apply Illinois law, which is not sufficient to override the enforcement of the mandatory forum selection clause found in the Agreement.

Plaintiff asserts that Judge Panner's ruling in Konecranes, Inc. v. Sinclair, 340 F.Supp.2d 1126 (D.Or. 2004) requires that this action be interpreted according to Oregon law. Plaintiff then argues that "because Oregon public policy precludes enforcement of the Illinois choice of law provision, it also precludes enforcement of an Illinois venue provision that will likely result in application of Illinois law." Pltf's. Response at 10.

The issue in Konecranes was whether the court should enforce a choice-of-law clause in a noncompete agreement. Judge Panner found that "an Oregon employer cannot circumvent Oregon laws designed to protect Oregon workers simply by decreeing that the laws of another state will apply." Konecranes, 340 F.Supp.2d at 1130. That case addresses the enforcement of a choice of law clause, not a forum selection clause, and therefore, is not controlling here. As noted above, if

Plaintiff wants to argue that Oregon law should apply despite the existence of the choice of law clause in the Agreement, he can make that argument before the Illinois court.

Plaintiff's reliance on Richards v. Lloyd's of London, 135 F.3d 1289 (9th Cir. 1998), is equally misplaced. In Richards, the Ninth Circuit considered whether the public policy behind the federal securities act prevented the enforcement of choice of law and forum selection clauses, which provided that the courts of England would have jurisdiction and that English law would govern. The Ninth Circuit upheld the clauses, finding that English law provided the plaintiffs with sufficient protection. Id. at 1294. The court relied, in part, on the reasoning of the United States Supreme Court in Scherk v. Alberto-Culver Co., 417 U.S. 506, 516-17 (1974), which "repeatedly recognized * * * that parties to an international securities transaction may choose law other than that of the United States, yet * * * never suggested that this affected the validity of a forum selection clause." Id. at 1295-96. Even more to the point, the Scherk court relied on its prior finding in Bremen that "agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce and contracting." Id. at 1293.

It is evident that Richards, Scherk and Bremen provide more support to Defendants' argument than Plaintiff's. In Richards, the Ninth Circuit considered the laws of both the United States, plaintiff's preferred forum, and the laws of England, the forum designated in the underlying agreements. Because the English laws provided the plaintiffs with protection, although not the same protection afforded by the federal securities laws, the court enforced both the choice of law clause and the forum selection clause. As noted above, Plaintiff has not presented any evidence with regard to what, if any, protection he would be entitled to under Illinois law. In the absence of any clear showing that Plaintiff will be prejudiced by the litigation of this matter in the Illinois courts, this

court finds no reason not to enforce the forum selection clause set forth in the Agreement.

Finally, Plaintiff cites two state court cases in support of its argument, neither of which are from Oregon. <u>Beilfuss v. Huffy Corporation</u>, 274 Wis.2d, 500 (Wis.App. 2004); <u>Hall v. Superior Court of Orange County</u>, 150 Cal.App.3d 411 (Cal.App. 1983).  Again, the court finds these cases distinguishable.  In <u>Beilfuss</u>, the forum selection clause provided that the litigation of any dispute may be heard in Ohio courts.  Clearly, this clause is permissible and not enforceable regardless of the conflict of law issue.  In both <u>Beilfuss</u> and <u>Hall</u>, the question of whether the conflict of law provision was enforceable was squarely before the court.  The parties argued the issue and the facts underlying the execution of the choice of law provisions were presented.  Here, the enforcement of the choice of law provision is a collateral issue raised by Plaintiff to prevent the dismissal of this action.  Additionally, these cases are state court cases which are not from Oregon and are not binding on this court.

## Conclusion

Defendants' motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3) is GRANTED.

DATED this 1st day of February, 2007.

    /s/ Donald C. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge